UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TIARA WEBER, TREVONNE KING, and          Case No. 22 CV 4518
JAQUINN MAYE,
                 Plaintiffs,

                                        **COMPLAINT**

      -against-                              JURY DEMAND

THE CITY OF NEW YORK, P.O. RICHARD
M. CATAPANO [SHIELD #5751], P.O.
MICHAEL A. ANES [TAX REG. 960163],
SERGEANT STEVEN L. FRANZEL [SHIELD
#3573], P.O. STEPHEN RICE [SHIELD #2527],
and JOHN DOE AND JANE DOE #1-5 (the names
John and Jane Doe being fictitious, as the true names
are presently unknown),
                 Defendants.
-----------------------------------------------------------------------X

Plaintiffs, TIARA WEBER, TREVONNE KING and JAQUINN MAYE, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Richard M. Catapano [Shield #5751], P.O. Michael A. Anes [Tax Reg. 960163], Sergeant Steven L. Franzel [Shield #3573], P.O. Stephen Rice [Shield #2527], and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully allege as follows:

NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, and arising under the law and statutes of the City and State of New York.

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First,

Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

<u>COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS</u>

4.    Plaintiffs Weber and King timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.    At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

<u>THE PARTIES</u>

6.    Plaintiffs are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

7.    Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8.    The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9.    Defendant P.O. Richard M. Catapano [Shield #5751] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10.    Defendant P.O. Michael A. Anes [Tax Reg. 960163] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.    Defendant Sergeant Steven L. Franzel [Shield #3573] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12.    Defendant P.O. Stephen Rice [Shield #2527] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

14.     Defendants Catapano, Anes, Franzel, Rice, and John Doe and Jane #1-5 are collectively referred to herein as "defendant officers".

15.     At all times material to this Complaint, the defendant officers acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.     On or about August 29, 2019, at approximately 11:30 p.m., defendant officers, acting in concert, arrested plaintiffs without cause at or within the vicinity of the Seth Houses' playground which is located in front of 131 Belmont Avenue, Brooklyn, New York, and charged Ms. Weber with PL 195.05 'Obstructing governmental administration in the second degree', and charged Mr. King with PL 205.30 'Resisting arrest', PL 225.05 'Promoting gambling in the second degree', PL 240.35 'Loitering', and PL 221.05 'Unlawful possession of marihuana in the second degree', and, upon information and belief, charged Mr. Maye with PL 240.35 'Loitering'.

17.     However, plaintiffs did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18.     Prior to the arrest, Messrs. King and Maye were playing the skully game with some of their friends when defendant officers ran up to them and forcibly grabbed Messrs. King and Maye.

19.     Defendant officers tightly handcuffed Mr. Maye with his hands placed behind his back causing Mr. Maye to experience pain and numbness in his hands.

20.     When Mr. King inquired as to the reason for their arrest, defendant officers threatened him with bodily harm, pushed and shoved him around, and eventually slammed him down on a sliding board, punching, kicking, cursing, screaming, and yelling at him.

21.     Fearing for Mr. King's life, Ms. Weber and many other people in the crowd approached defendant officers to find out what was going on but were yelled at and threatened with arrest and bodily harm by defendant officers.

22.     Eventually, Mr. King was tightly handcuffed by defendant officers with his hands placed behind his back causing Mr. King to experience pain and numbness in his hands.

23.     After Mr. King had been handcuffed and physically secured, Ms. Weber politely complained about the verbal and physical abuse which Mr. King was subjected to by defendant officers.

24.     As Ms. Weber continued to voice her concerns, she was forcibly grabbed by defendant officers.

25.     Defendant officers eventually slammed Ms. Weber down on the floor, punching, kicking, cursing, and yelling at her.

26.     Ms. Weber sustained serious injuries on various parts of her body because of the assault and conduct of defendant officers.

27.     Defendant officers proceeded to tightly handcuff Ms. Weber with her hands placed behind her back causing Ms. Weber to experience pain and numbness in her hands.

28.     Plaintiffs complained that the handcuffs were too tight and were causing them to experience pain and numbness.

29.     Plaintiffs pleaded with defendant officers to remove or loosen the handcuffs.

30.     Defendant officers ignored the plaintiffs' entreaties to remove or loosen the handcuffs.

31.     Eventually, defendant officers forcibly grabbed the handcuffed plaintiffs and essentially pushed and dragged them to their police vehicles.

32.     While pushing and dragging Mr. King towards their police vehicle, defendant officers violently slammed him against a tree.

33.     Mr. King sustained serious injuries on various parts of his body because of the assault and conduct of defendant officers.

34.     Eventually, defendant officers placed the plaintiffs inside their police vehicle(s) and transported the plaintiffs to NYPD-73rd Precinct.

35.     While at the precinct, defendant officers subjected the plaintiffs to illegal and unlawful search.

36.     Defendant officers did not recover any contraband from their unlawful search of the plaintiffs.

37.     Nonetheless, defendant officers continued to detain the plaintiffs at NYPD-73rd Precinct.

38.     After detaining the plaintiffs at the precinct for a lengthy period of time, plaintiffs were transported to Central Booking to await arraignment.

39.     At some point following their arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

40.     During this meeting, defendant officers stated to the prosecutors, among other things, that the plaintiffs committed the charged crime/offenses, and later forwarded to the prosecutors their police records and reports.

41.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiffs.

42.     On or about August 30, 2019, the plaintiffs were arraigned on criminal court complaints sworn to by defendant officers falsely charging Ms. Weber with PL 195.05 'Obstructing governmental administration in the second degree', and Mr. King with PL 205.30 'Resisting arrest', PL 225.05 'Promoting gambling in the second degree', and PL 240.35(2) 'Loitering', and, upon information and belief, Mr. Maye with PL 240.35(2) 'Loitering'.

43.     Upon arraignment, plaintiffs were released on their own recognizance but were required to return to the criminal court to defend the false charges levied against them.

44.     Eventually, Ms. Weber was informed that the case against her was adjourned in contemplation of dismissal.

45.     On or about November 29, 2019, the false charge(s) levied against Ms. Weber was dismissed and sealed.

46.     On or about October 3, 2019, Mr. King was informed that the case against him was adjourned in contemplation of dismissal.

47.      On or about April 2, 2020, the false charges levied against Mr. King were dismissed and sealed.

48.      Upon information and belief, the false charge(s) levied against Mr. Maye was subsequently dismissed and sealed.

49.      Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

50.      Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

51.      As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

52.      By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53.      Defendant officers arrested the plaintiffs without probable cause or reasonable grounds.

54.      The conduct of defendant officers, as described herein, amounted to false arrest.

55.      Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

56.      Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

57.   By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58.   Defendant officers purposely or knowingly used unreasonable force against the plaintiffs.

59.   There was no legitimate governmental interest in defendant officers' unnecessary and wanton infliction of pain and suffering upon the plaintiffs.

60.   The conduct of defendant officers, as described herein, amounted to excessive use of force.

61.   Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

62.   Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

63.   By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64.   Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiffs.

65.   Plaintiffs were required to, and did, appear in court to defend themselves from the false charges levied against them with malice by defendants.

66.   Eventually, the proceeding(s) terminated in plaintiffs' favor.

67.   Because of the conduct of the defendants, plaintiffs were maliciously prosecuted for a lengthy period of time.

68.   The conduct of defendant officers, as described herein, amounted to malicious prosecution.

69.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

70.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

71.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72.     Defendant officers manufactured evidence against the plaintiffs which was relied upon to initiate actions against the plaintiffs.

73.     The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of due process rights.

74.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

75.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH   CAUSE   OF   ACTION:   UNLAWFUL   STOP   AND   FRISK   AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

76.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

77.     Defendant officers routinely harass the plaintiffs and would often stop, frisk, search, and detain the plaintiffs whenever they run into them.

78.     Defendant officers did not have any reasonable grounds to believe that the plaintiffs were engaged (or had planned to engage) in any criminal activity.

79.     Defendant officers by their conduct as described herein subjected plaintiffs to unlawful stop & frisk and unreasonable search & seizure.

80.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

81.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

82.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83.     Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

84.     The conduct of defendant officers, as described herein, amounted to unreasonable detention.

85.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

86.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

87.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.     Defendant officers arrested the plaintiffs in retaliation for questioning their conduct on August 29, 2019.

89.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

90.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

91.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

93.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

94.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

95.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH          CAUSE       OF        ACTION:         FAILURE        TO
TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against
defendant City

96.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

97.     Defendant City of New York, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher

and/or release of seized properties, the proper procedures for obtaining, returning, destroying and/or retaining DNA, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons, and obligation to effect an arrest only when probable cause exists for such arrest.

98.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

99.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

100.    For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

101.    In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

102.    Defendant City has settled numerous lawsuits against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause, improperly obtained and/or retained their DNA, and improperly seized and/or appropriated to themselves the plaintiffs' properties and/or did not issue or provide to the plaintiffs in those cases with any vouchers specifying the properties seized from them with the constitutionally-required notice printed on the vouchers describing how the plaintiffs could reclaim their properties.

103.     Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

104.     As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs, incarcerated them, and abused and/or assaulted the plaintiffs.

105.     Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

106.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

107.     By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

108.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and

assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

110.   In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

111.   The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

112.   Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

113.   By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114.   The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

115.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

116.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117.     By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained injuries with the accompanying pain.

118.     The conduct of the defendants, as described herein, amounted to assault and battery.

119.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

120.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 119 of this complaint as though fully set forth herein.

121.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

122.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

123.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

125.     Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention, and imprisonment by defendants.

126.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

127.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

129.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

130.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

131.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

132.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

133.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
      August 1, 2022

UGO UZOH, P.C.


          *Ugochukwu Uzoh*
By:   Ugochukwu Uzoh
      Attorney for the Plaintiffs
      56 Willoughby Street, Third Floor
      Brooklyn, N.Y. 11201
      Tel. No: (718) 874-6045
      Fax No: (718) 576-2685
      Email: u.ugochukwu@yahoo.com